JAMES E. WHITMIRE, ESQ.
Nevada Bar No. 6533
jwhitmire@santoronevada.com
SANTORO WHITMIRE
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: 702/948-8771
Facsimile: 702/948-8773

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

REBECA MEDRANO,

    Plaintiff,

v.

PNS STORES, INC., a/k/a BIG LOTS STORE #4239,

    Defendant.

Case No.: 2:11-cv-01156-MMD-CWH

## CONFIDENTIALITY AND PROTECTIVE ORDER

The parties to this action, and non-parties to whom a subpoena has been directed for the production of document relating to the above-referenced matter, wish to maintain the confidentiality of private documents and information that are not made available to the public, but which may be required to be produced during the course of this litigation.

*More particularly, PNS Stores, Inc. has issued a subpoena to Valley Health Systems ("Valley") and Med-Care Solutions, LLC ("MCS") requesting medical records pertaining to Plaintiff Rebeca Medrano and contract related documents between Valley and MCS that were in effect at the time of Ms. Medrano's treatment. Valley and MCS assert that the disclosure of the information subject to subpoena would cause harm in that the information sought pursuant to subpoena includes confidential non-public information such as HIPPA protected information, confidential pricing information, confidential contractual terms, intellectual,*

*proprietary, and property interests such as trade secrets or sensitive, non-public information that would justify sealing or redaction. In addition, Plaintiff seeks confidential and proprietary information from Defendant PNS concerning its business practices and procedures, which also require the protections of this Order.*

Accordingly, the parties hereto, each by their respective counsel, hereby enter into this Stipulation and Order of Confidentiality respecting documents and other confidential information produced in this litigation as follows:

1. Any information designated by a third-party or party (hereafter "Source") as "Confidential Information" (which designation shall be made in good faith) that may be produced in documentary form, as an oral statement, or in any other form (a) shall be used solely for the purpose of this action; (b) shall be disclosed only to the individuals identified in paragraph 2(a)-(f) of this Stipulation; and (c) shall not be published to the public in any form by the parties or their counsel or by the individuals identified in paragraphs 2(a)-(f) of this Stipulation.

2. Use of information designated by a Source as "Confidential Information" shall be restricted to the following persons:

   (a) Attorneys employed by the parties to the above-captioned action and employees of such attorneys to whom it is necessary that the information be disclosed for the purposes of this action;

   (b) Such employees, agents or directors of the parties as are necessary to assist in the prosecution of this action;

   (c) Independent persons (including independent accountants, statisticians, economists, or other technical experts) retained by the parties to the above-captioned action, or by their attorneys, solely for the purpose of assisting in the preparation of this action, provided that any such independent persons have executed a written agreement to be bound by the terms of the Stipulation and have been provided with a copy of the Stipulation;

   (d) The Court, Court reporters or stenographers engaged to record deposition testimony, and their employees;

1    (e)  Any mediators;

2    (f)  Other persons as may be authorized by the Court.

3.  Information shall constitute "Confidential Information" when a Source marks the first page of a document (or any copy of that document) "Confidential"; when a Source provides written notice to counsel that a document (or part of a document) is "Confidential"; or when a Source states on the record during an oral deposition that a statement is "Confidential."

4.  Nothing shall prevent disclosure beyond the terms of this Stipulation in the event that a Source consents to such disclosure or in the event that the Court orders such disclosure.

5.  All information designated by a Source as "Confidential Information" that may appear in any pleading, motion, transcript, or other paper that is submitted or filed with the Court shall be submitted or filed, in whole or in part, under seal and maintained under seal until either further order of the Court or until such filing requirement is waived in writing by the designating Source or its undersigned counsel.

*In order to effectuate this provision, in the event any Confidential Information must be filed with the Court prior to trial, the proposed filing shall comply with the Federal Rules of Civil Procedure and the requirements set forth in Kamakana v. City and County of Honolulu, 447 F.3d 1172 (9th Cir. 2006). In accordance with these rules and requirements, the proposed filing shall be accompanied by a motion to file the Confidential Information under seal and a proposed order, and the application and proposed order shall be directed to the judge to whom the Confidential Information is directed. This provision is applicable to briefs, memoranda, and other filings which quote, summarize, or describe Confidential Information.*

6.  Any inadvertent disclosure by a Source of "Confidential Information," regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of that Source's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or as to the same or related subject matter.

- 3 -

7. Within sixty (60) days after the conclusion of this action, upon request, the originals and reproduction of any documents produced by any Source that contain information designated as "Confidential Information" shall either be returned to the designating Source or the party to which such documents were produced shall certify to the other parties and Source that such documents have been destroyed.

8. This Order applies only to information furnished by parties and non-parties that is not otherwise publicly available and that has been designated by any party as confidential.

9. In the event that documents or information that may contain Confidential Information are made available for inspection by the Source, the party inspecting the documents and/or information shall treat all documents and information produced as Confidential. There will be no waiver of confidentiality by the inspecting of Confidential Information before it is copied and marked "Confidential."

10. A party may, consistent with the provisions of this Order, refer to Confidential Information in pretrial conferences before the Court, evidentiary hearings and at trial. The use of Confidential Information at trial shall be addressed in the final pretrial order. In the event a witness is scheduled to testify at any hearing prior to trial, the parties agree to meet and confer in advance of the hearing to decide if any precautions are necessary to protect the source's Confidential Information. The source must designate the transcripts of such proceedings as "Confidential" within thirty days of receipt; if the disclosing source is not a party, the party using the information must confer with the source regarding such designation.

11. This Order applies equally to documents and information obtained by or produced in response to any subpoena to a party. Any party to this action or third-party Source may designate as "Confidential" documents or information produced pursuant to a subpoena. Such designation must be made within thirty days of the receipt of the documents or information produced by the non-party or other party. Until this 30-day period expires, the parties shall treat all documents and information produced in discovery as "Confidential," including documents and information produced by non-parties.

- 4 -

12. Nothing in this Order shall abridge a right of any party to seek amendment of this Order upon a showing of good cause or the written agreement of the opposing party or parties, or to challenge any Source's designation of any material as confidential, provided the challenging party seeks first to resolve the issue with the Source prior to seeking relief with the Court.

13. Nothing in this Order shall abridge the right of any party to redact confidential information from documents prior to their production provided such party clearly indicates that a redaction has been made and clearly describes, in general terms, the information being redacted.

14. This Order shall survive the termination of this litigation. The Court shall retain jurisdiction, even after termination of this lawsuit, to enforce this Order and to make such amendments and modifications to this Order as may be appropriate.

15. If a Source inadvertently or mistakenly discloses documents or materials protected by the attorney-client privilege, attorney work product or any other privilege, the Source shall promptly advise the receiving party of the disclosure and recall any such inadvertently disclosed privileged documents or materials by making a request of the receiving party for their return. Likewise, if a receiving party becomes aware that a Source inadvertently or mistakenly disclosed documents or materials protected by the attorney-client privilege, attorney work product or any other privilege, the receiving party shall promptly advise the Source of the disclosure and return the documents or materials and any and all copies to the Source. If the receiving party fails to return such documents or materials, the Source may move the Court for an Order compelling the return. A Source that elects to initiate a challenge to a receiving party's failure to return such documents or materials must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the receiving party. In conferring, the Source must explain the basis for its belief that the disclosure was made in error and must give the receiving party an opportunity to reconsider the circumstances, and, if no change in position is

. . .
. . .
. . .

offered, to explain the basis for that position. A Source may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

Dated this  17th  day of July 2012.

_____
UNITED STATES MAGISTRATE JUDGE

/s/ Samuel A. Harding #1877

_____
On Behalf of Plaintiff

_____
On Behalf of Med-Care Solutions, LLC

                              /s/ Darren T. Brenner #8386
_____
On Behalf of Defendant

_____
On Behalf of Valley Health Systems

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

REBECA MEDRANO,

    Plaintiff,

v.

PNS STORES, INC., a/k/a BIG LOTS STORE #4239,

    Defendant.

Case No.: 2:11-cv-01156-MMD-CWH

**EXHIBIT A**

UNDERTAKING OF _____

I, Kamran Abdo, declare as follows:

1. My address is 1020 W. Flamingo Rd #4-12, 89147

2. My present employer and the address of my present employer (if different from above) are Same as above

3. I have received a copy of the Protective Order in the above-captioned action.

4. Having carefully read and understood the provision of the Protective Order agree to be bound by its terms.

5. I will hold in confidence and not disclose to anyone not qualified under the Protective Order and will use only for purposes of this action any documents designated as "Confidential," as set forth in the Protective Order, which are disclosed to me. I will maintain any such information in a safe and secure place.

6. I will return all documents designated as "Confidential" which come into my possession and documents or things I have prepared relating thereto, to counsel of the party that provided such materials to me. I acknowledge that such return shall not relieve me from any continuing obligations imposed on me by the Protective Order.

-7-

7. I agree to submit to the jurisdiction of a court located in the state of Nevada for purposes of enforcement of this Undertaking.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 19th day of June, 2012.

_____
Signature

Kamran Abdo
Print Name

SANTORO WHITMIRE
10001 Park Run Drive, Las Vegas, Nevada 89145
(702) 948-8771 – fax (702) 948-8773

- 8 -